IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>STEVEN RANDALL FARR,<br><br>                Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:05-cr-0029-TC-DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

      This matter is before the court on the Government's Motion for Order to Show Cause. (ECF No. 65.) Plaintiff the United States of America seeks a declaration regarding the validity of restitution entered in this matter.[1] As set forth herein, the undersigned recommends that the restitution order be declared valid, and Defendant be ordered to provide financial information to make payments in this case.

## BACKGROUND

      In 2005, Defendant Steven Farr pled guilty to 15 U.S.C. § 77e(c) for selling unregistered securities. Docket no. 29, 30. In the Statement in Advance of Plea of Guilty Mr. Farr agreed to the following:

> I know the Court is required to impose an assessment in the amount of $100.00 for each offense of conviction and that restitution to the victims of my offenses shall be ordered pursuant to Title 18, United States Code, Section 3663A.
>
> To plead guilty to a violation of Title 15 U.S.C. § 77e(c), sale of unregistered securities as delineated in Count 1 of the Indictment.
>
> That he understands that the advisory sentencing guideline loss calculation will be based upon an amount not to exceed approximately 1.5 million dollars.

---

[1] Judge Tena Campbell referred this motion to the undersigned. (ECF No. 78.) The court elects to decide the motion based on the written memoranda.

> That restitution will be based upon a net loss to be agreed upon or determined by the Court, with credits for amounts, if any, paid by others to victims covered by the restitution order entered by the Court.
>
> I also knowingly, voluntarily and expressly waive my right to challenge my sentence, …. I further understand and agree that the word ·'sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to, (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

Docket no. 29 p. 2, 4, 5.

On January 10, 2006, Mr. Farr was sentenced to 27 months incarceration with 36 months of supervised release. He was also ordered to pay restitution of $1,312,914.77 to a list of victims at a minimum rate of $2,500 per month upon release from incarceration. Docket no. 43. A judgment was subsequently entered outlining those same conditions including the "amount of restitution ordered" of $1,313,914.77. Docket no. 44.

Following release from incarceration, the court ordered in February 2008 that restitution payments be reduced to $250. Docket no. 47. This amount was further reduced per stipulation of the parties to $150 commencing in January 2011. Docket no. 51. The stipulation of the parties, which was signed by the court, once again set forth the judgment entered in January 2006 "in the total sum of $1,314,014.77 in favor of the United States of America." Docket no. 51.

What had started out as a fairly normal course of events took a divergent turn on June 9, 2011, when the Government determined that the statue under which Mr. Farr was convicted was not covered by [18 U.S.C. § 3663A. Section 3663A](#) provides for mandatory restitution to victims of certain crimes, and pleading guilty to the sale of unregistered securities, did not fall within its purview. Based on this determination the Government decided Mr. Farr's restitution debt expired when his supervised release was terminated, closed his debt, and ceased any collection efforts.

When certain victims sought to unseal the list of victims the following year in 2012, the Government maintained that the file had been closed and archived in Denver, Colorado. In 2013, certain victims moved to renew the judgment. No action was taken on that motion and the Government never filed a response.

This remained the status quo and years passed. Then in May 2020, the Government sent Mr. Farr a letter claiming it had "mistakenly closed [his] debt in 2011 due to an erroneous interpretation of the statutes governing when restitution debts expire." Docket no. 82-3 p. 1. The debt was reopened with the Government citing to 18 U.S.C § 3613(b) claiming Mr. Farr's debt would expire "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined." 18 U.S.C § 3613(b). The Government offered to waive any interest that accrued on the restitution and sought for verification of Mr. Farr's income.

The United States subpoenaed Mr. Farr on August 26, 2020, seeking financial information and documents. Mr. Farr objected on the grounds that the case is closed, and he was told his debt had expired. In response, the Government filed the instant motion seeking a declaration of the validity of the restitution order and for an order to show cause.

Around this same time frame Mr. Farr began experiencing some unexpected serious health challenges. These necessitated extensions of time for the briefing on the Government's motion. Mr. Farr provided an update on his health in February 2021. And in May 2023, the court held two status conferences, including one before the undersigned, regarding the Government's intentions to proceed with collection efforts. Docket nos. 79, 81. The parties have now completed briefing on the motion and the matter is ripe for decision.

## DISCUSSION

Mr. Farr pled guilty to 15 U.S.C. §77e(c) for the sale of unregistered securities. The Government notes that pleading guilty to the sale of unregistered securities is not covered by either the mandatory or discretionary restitution statues. *See* 18 U.S.C. § 3663A(c)(1); 18 U.S.C. § 3662(a)(1)(A). According to the Government, this is why it erroneously determined that restitution was only a condition of supervision and expired when termination concluded. This error perpetuated itself in 2012 and continued until May of 2020 when the Government realized its mistakes.

Yet, despite these errors, the Government maintains that it can resume collection efforts. Both the mandatory and discretionary restitution statutes provide that restitution may be ordered as part of a plea agreement. For example, the discretionary restitution statute provides "The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). *See also* 18 U.S.C. § 3663A(c)(2) (providing that a plea must specifically state a certain offense to be applicable). Couple the possible inclusion of plea agreement terms in these statutes, along with the language in the Statement in Advance of Plea, and the Government continues, that restitution is still permissible in this case. Indeed, the Government argues, it is powerless to waive restitution because it lacked authority to do so. Thus, although the Statement of Advance of Plea cited to the wrong statute, the mandatory restitution statute, the court may still order restitution as a part of the plea agreement and 18 U.S.C. § 3613 (Civil remedies for satisfaction of an unpaid fine) applies, moving the expiration date of the restitution order to 20 years form the date he was released from imprisonment.

In response, Mr. Farr cites to the multitude of errors in this case including the wrong statute in the Statement in Advance of Plea of Guilty, the Government's representation that he

had satisfied the judgment, the lien being released, the lapse of time where the Government took no action to collect the debt, and its representation that the matter was closed to certain victims. Moreover, Mr. Farr did not agree to 20 years of restitution as sought by the Government under 18 U.S.C. § 3613(b) because 18 U.S.C. § 3663A was set forth in the Statement of Advance of Plea of Guilty. The Government mistakes caused Mr. Farr harm and when taken together, the Government should be estopped from bringing back any judgment against him. Defendant cites to the standards for equitable estoppel arguing they should apply in this case.

Admittedly, Mr. Farr's arguments have emotional appeal due to the comedy of errors made by the Government in this matter. Yet these arguments must be weighed against the record in this case, the law, the parties' plea agreement, and the victims that are still seeking restitution. When taken together, the undersigned finds Mr. Farr's position unpersuasive.

The court first considers equitable estoppel. Equitable estoppel is used to prevent a party from taking a legal position inconsistent with an earlier statement or action that then places another at a disadvantage. "The purpose of the doctrine of equitable estoppel is to ensure that no one will be permitted to 'take advantage of his own wrong.'" *Penny v. Giuffrida*, 897 F.2d 1543, 1545 (10th Cir. 1990) (quoting *R.H. Stearns Co. v. United States*, 291 U.S. 54, 62, 54 S.Ct. 325, 328, 78 L.Ed. 647 (1934)). When deciding whether equitable estoppel apples courts consider whether "(1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to his injury." *Id.* at 1545-46. In the government context, the Supreme Court has indicated that estoppel may lie against the government if some type of "affirmative misconduct" can be shown.

5

*See INS v. Hibi*, 414 U.S. 5, 8, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973) (per curiam). Thus, the court considers an additional fifth element when deciding whether estoppel applies against the government.

Whether estoppel may even succeed against the government is questionable. As noted by the Tenth Circuit in *Kowalczyk v. I.N.S.*, 245 F.3d 1143, (2001), the Supreme Court has "repeatedly 'le[ft] for another day whether an estoppel claim [can] ever succeed against the Government.'" *Kowalczyk v. I.N.S.*, 245 F.3d 1143, 1149–50 (10th Cir. 2001) (quoting *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 423, 110 S.Ct. 2465, 2471 (1990)); *see also Heckler v. Cmty. Health Servs. Of Crawford Cnty., Inc.*, 467 U.S. 51, 68, 104 S.Ct. 2218, 2228 (1984) (Rehnquist, J., concurring in the judgment) (stating that the majority's opinion "gives an impression of hospitality towards claims of estoppel against the Government which our decided cases simply do not warrant").

Here the court need not consider whether estoppel need be extended to the Government in this case because the victims possess the right to restitution and it is the court, not the Government, that entered restitution. *See* 18 U.S.C. § 3771(a)(6) ("A crime victim has the following rights: … The right to full and timely restitution as provided in law."). Thus, the errors by the Government in collecting that restitution do not equate to the needed affirmative misconduct to invoke equitable estoppel.

Further, the facts here demonstrate that Mr. Farr clearly knew the amount of restitution. This was set forth during the proceedings held before Judge Campbell, in the judgment, and in the stipulation of the parties reducing Mr. Farr's monthly payments. Mr. Farr's knowledge about the amount as repeatedly set forth in the record undermines his equitable arguments and belies any assertion that he was ignorant of the true facts. Candidly, the court may be "mystified" by

6

the mistakes made by the Government and the amount of time that passed as the Tenth Circuit was in *Kowalczyk*. See *Kowalcyzk*, 245 F.3d at 1149. Yet, just as in the *Kowalcyzk*, it is not enough to warrant the application of equitable estoppel against the Government.

As noted by Mr. Farr, the court did not "check the box on page 5 of its Judgment to impose a 20 year period of restitution under § 3663A, instead it merely ordered a minimum monthly rate of restitution without addressing a time limitation." Op. p. 6. But this does not preclude the court from allowing time for collection of the judgment to continue. Mr. Farr voluntarily waived his right to challenge any orders of restitution, thus the court may choose to adopt the Government's position and apply 18 U.S.C. § 3613 to the facts in this case. *See* 18 U.S.C. § 3613 ("The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined."). In short, not checking a box on the Judgement does not foreclose the collection of restitution.

Finally, if the dollar amount of monthly payments is too high Mr. Farr may seek relief as he has previously done. *See* 18 U.S.C. § 3664(o) (permitting a court to modify an order of restitution). An inability to pay does not provide a basis to strike restitution in this case. *See* 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.").

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the court deem the restitution entered in this matter valid and Defendant be ordered to provide financial information.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 26 July 2023.

_____
Dustin B. Pead
United States Magistrate Judge