IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN RANDALL FARR,<br><br>Defendant. | ORDER ADOPTING REPORT AND RECOMMENDATION<br><br>Case No. 2:05-cr-29-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Over three years ago, the United States filed a Motion for Order to Show Cause (ECF No. 65) in which it asked the court for a declaration of the validity of the restitution order in this matter, as well as an order directing Defendant Steven Randall Farr to provide the government with certain financial information necessary to determine an appropriate installment payment plan. The court's consideration of this motion was delayed due to significant health problems faced by Mr. Farr. (See Stip. Mot. Ext., ECF No. 68.) After a status conference on May 2, 2023, the court referred the motion to Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Pead issued a Report and Recommendation (R&R) on July 26, 2023, in which he recommended that the court deem the restitution order valid and compel Mr. Farr to provide the required financial information. (ECF No. 94). Mr. Farr filed objections to the R&R on August 8, 2023 (ECF No. 96), and the court now reviews de novo those portions of the R&R to which Mr. Farr objects. See 28 U.S.C. § 636(b)(1)(C).

For the following reasons, the court adopts the R&R, deems that the restitution order entered in this matter remains outstanding and enforceable, and orders Mr. Farr to comply with the government's request for financial information. Although this matter has suffered from

1

lengthy delays—due to Mr. Farr's health, and, most recently, due to the court's busy docket—these delays have benefitted Mr. Farr financially, as he has not been required to make payments during that time. But as a legal matter, he remains obligated to pay restitution for several more years and must work out a plan to do so with the government.

## BACKGROUND

Magistrate Judge Pead's R&R provides a more detailed factual summary of the case to which Mr. Farr has not objected. (R&R 1–3.) In brief, Mr. Farr pled guilty to one count of the sale of unregistered securities in violation of 15 U.S.C. § 77e(c). (Judgment at 1, ECF No. 44.) The court sentenced him to 27 months in custody and a 36-month term of supervised release. (Id.) The court also ordered that Mr. Farr make restitution to the victims of his crime in the amount of $1,313,914.77. (Id. at 3.) The court notes that the United States agreed to dismiss 17 counts of the indictment against Mr. Farr in exchange for his guilty plea. (See id. at 1; Min. Entry for Sent'g Hr'g on Jan. 10, 2006, ECF No. 43.) Due to the inclusion of an incorrect statutory reference in Mr. Farr's plea agreement, the government stopped collecting restitution payments after Mr. Farr finished his supervised release. Recognizing its error years later, the government now seeks to resume collection of those payments.

## ANALYSIS

Mr. Farr objects to the R&R on the grounds that the United States failed to demonstrate that there was a valid agreement about restitution. Additionally, Mr. Farr argues that the United States should be estopped from enforcing further restitution payments.

### I. Validity of Restitution

Mr. Farr first argues that the R&R does not adequately address whether the parties reached a valid agreement about restitution. In his Statement in Advance of Plea (SAP), Mr.

Farr agreed that "restitution to the victims of my offenses shall be ordered pursuant to Title 18, United States Code, Section 3663A." (SAP at 2, ECF No. 29.)

The statutory reference was a mistake. The Mandatory Victims Restitution Act of 1996 added § 3663A to title 18, which requires mandatory restitution for certain offenses, such as crimes of violence and title 18 property offenses. The section applies to plea agreements that result in a conviction for a listed offense as well as plea agreements that, though not resulting in a conviction for that offense, nevertheless arise from one of the listed offenses. See 18 U.S.C. § 3663A(c)(1)–(2). Mr. Farr pled guilty to a violation of 15 U.S.C. § 77e(c) for selling unregistered securities, a crime that is not covered by § 3663A. See 18 U.S.C. § 3663A(c)(1). And it is irrelevant whether one of the listed offenses for which Mr. Farr was not convicted gave rise to his plea agreement[1] because "[i]n the case of a plea agreement that does not result in a conviction for an offense described in paragraph (1), this section shall apply only if the plea specifically states that an offense listed under such paragraph gave rise to the plea agreement." 18 U.S.C. § 3663A(c)(2). Mr. Farr's plea agreement does not include such a statement.

The plea agreement should have referenced § 3663(a) instead of § 3663A. The correct statutory provision, enacted as part of the Victim Witness Protection Act of 1982, provides that the court may "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3).

Mr. Farr argues that the incorrect reference in the plea agreement to the mandatory restitution statute (§ 3663A) instead of the discretionary restitution statute (§ 3663(a))

---

[1] The dismissed counts in the indictment included counts for violations of certain provisions of title 18, such as one count of interstate transportation of person for fraudulent purpose in violation of 18 U.S.C. § 2314 and several counts of mail fraud in violation of 18 U.S.C. § 1341. The parties did not provide argument about whether these counts are offenses against property as that term is used in 18 U.S.C. § 3663A(c)(1)(A)(ii).

3

demonstrates that he never agreed to be subject to restitution for a 20-year period. The court is not persuaded.

To begin, the court's authority to impose an order of restitution under § 3663(a)(3) does not require that a plea agreement cite the statute under which restitution will be ordered. In <u>United States v. Anderson</u>, the Court of Appeals for the District of Columbia upheld a restitution order even though the plea agreement incorrectly cited 18 U.S.C. § 3572, a statute that only addresses the imposition of a fine. 545 F.3d 1072, 1078 (D.C. Cir. 2008). The court ruled as follows:

> The parties' citation to 18 U.S.C. § 3572 instead of 18 U.S.C. § 3663(a)(3) in the plea agreement does not preclude our finding that the parties nonetheless agreed that restitution could be ordered on the federal counts. First, section 3663(a)(3) does not require that the plea agreement expressly include the statutory basis for restitution. Moreover, the government persuasively explained the reference to section 3572 as a drafting mistake. … Most important, the conduct of the parties plainly reflects their understanding that the district court had the authority to order restitution to the United States in an amount to be determined by the court.

<u>Id.</u> Here, despite the government's drafting mistake, the court similarly had ample basis to order restitution under § 3663(a)(3), especially where repayment to Mr. Farr's victims was such a central issue of the case.

But although the court finds that the restitution order would be valid even if the government had said nothing at all about the restitution statute, a question remains whether the government's reference to the incorrect statute misled Mr. Farr into thinking that he was only agreeing to a restitution period that would last through his supervised release, thereby rendering his plea agreement less than knowing and voluntary. The court finds no evidence that Mr. Farr had this belief.

First, to the extent that Mr. Farr believed that restitution was ordered under the mandatory and not the discretionary statute, a restitution order remains enforceable for 20 years under both § 3663A and § 3663(a).[2]

Second, there was no indication in the plea agreement, the change of plea hearing, the sentencing hearing, or the judgment that restitution would be or was ordered as a condition of supervised release. The plea agreement did not cite 18 U.S.C. 3563(b) or otherwise refer to restitution as a condition of supervised release. At the change of plea hearing, the court instructed Mr. Farr that "what's going to happen is I will require that you pay restitution for the amount I determine to be proper." (July 11, 2005 Hr'g Tr. at 13, ECF No. 91-1.) There was no qualification that restitution would be limited to the period of supervised release. And the judgment did not include restitution as a condition of supervised release, but instead ordered the defendant to "make restitution to the following payees in the amounts listed below" and then referenced an attached list with a detailed enumeration of victims and amounts. (Judgment at 3.) The amount of restitution received extensive briefing, with the parties submitting a Stipulation and Position of Parties as to Restitution explaining where the parties agreed and where they disagreed about restitution amounts for various victims. (See Stipulation, ECF No. 38.) And in his statement accepting responsibility for his actions (for which he received a downward adjustment of his offense level and a lower guideline sentencing range), Mr. Farr acknowledged

---

[2] Both § 3663 and § 3663A state that "an order of restitution made pursuant to this section shall be issued and enforced in accordance with section 3664." 18 U.S.C. § 3663(d) & § 3663A(d). Section 3664(m), in turn, provides: "An order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title." 18 U.S.C. § 3664(m)(1)(A)(i). Finally, § 3613, which is contained within subchapter B of chapter 229, states that "[t]he liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined[,]" 18 U.S.C. § 3613(b), and further affirms that "all provisions of this section are available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f).

5

that his restitution payments would last for many years: "My desire now is to be able to repay the individuals involved, which I realize will be a life-time effort." (PSR at 3–4.) Indeed, Mr. Farr signed a stipulation on January 24, 2011—at the end of his term of supervised release—agreeing to monthly payments of $150 and the submission of yearly financial statements, with an understanding that his future payment schedule would be evaluated and potentially modified based on his financial status. (Stipulation for Installment Payments ¶ 2, ECF No. 50.)

Finally, Mr. Farr received a substantial benefit from his agreement to pay restitution: the dismissal of 17 counts of his indictment. The Tenth Circuit has noted that restitution is an important part of many plea bargains:

> Indeed, when a defendant knowingly bargains to make full restitution in exchange for dismissal of other pending counts of an indictment, it should be presumed the bargain was made with its consequences in mind. Moreover, it should also be presumed a defendant in those circumstances considered the financial burden a fair exchange for the penal advantage gained.

United States v. Thompson, 39 F.3d 1103, 1105 (10th Cir. 1994). Here, Mr. Farr was sentenced to only 27 months in prison in exchange for his agreement to repay the victims of his crime. There is no indication that he believed this obligation would last for only three years after his release from custody or that he was unaware of the weighty consequences of a large restitution order. The court presumes that when a defendant agrees to restitution it is because he believes that he will have to pay it.

The court finds that Mr. Farr reached an agreement with the United States about restitution that was an integral part of his plea agreement and was not negated by the government's citation to the incorrect statute. Therefore, the court had the authority to order restitution under 18 U.S.C. § 3663(a)(3) and, under 18 U.S.C. § 3613, the restitution order

6

remains in force until January 23, 2028. (See Gov't Calculation of Expiration of Restitution Order, ECF No. 99.)

**II. Estoppel**

Even if the restitution order is valid, Mr. Farr argues that the government should be estopped from enforcing the judgment due to the government's second error in this case: its decision to end Mr. Farr's restitution payments in 2011. Mr. Farr objects to Magistrate Judge Pead's estoppel analysis and urges the court to apply its own.

But Mr. Farr fares no better under the court's de novo review. First, the court agrees with Magistrate Judge Pead's assessment that the Supreme Court has "repeatedly 'le[ft] for another day whether an estoppel claim [can] ever succeed against the Government.'" Kowalczyk v. I.N.S., 245 F.3d 1143, 1149 (10th Cir. 2001) (quoting Off. of Personnel Mgmt. v. Richmond, 496 U.S. 414, 423 (1990)). And although Mr. Farr asks the court to hold the government accountable for its actions, the court notes that those actions resulted in Mr. Farr's release from restitution payments for many years. Understandably, the government's previous decision to terminate restitution payments caused Mr. Farr to believe that he had repaid his debt to society and the court recognizes that the government's reversal has been a shock to Mr. Farr and his family. But this unpleasant surprise is not the kind of detrimental reliance necessary for Mr. Farr to assert a claim for equitable estoppel where the government's previous mistakes have financially benefitted him. See Penny v. Giuffrida, 897 F.2d 1543, 1545–46 (10th Cir. 1990) (requiring, among other factors, that "[t]he party asserting the estoppel must rely on the other party's conduct to his injury").

To the extent that Mr. Farr argues that he has been injured because he and his family have been unable to plan for the resumption of restitution payments, the court notes that this matter

has been pending for some time and that an inability to pay does not provide a basis to strike a restitution order. See 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."). Mr. Farr has previously stipulated to reduced monthly installment payments (see ECF No. 50) and may work with the United States to develop an appropriate payment plan.

The court agrees with Magistrate Judge Pead's assessment of this matter as a "comedy of errors[.]" (R&R at 5.) But this court also has a duty to the victims of Mr. Farr's crime, who have borne the brunt of financial loss. According to the court's records, Mr. Farr made restitution payments totaling approximately $12,500 before the government stopped collecting his payments—less than 1% of the court's restitution order of $1,313,914.77. Mr. Farr has never repaid a significant portion of his victims' losses and has demonstrated no persuasive reason why the government should be estopped from fulfilling its duty to those victims.

## ORDER

For the foregoing reasons, the court orders as follows:

1. The court ADOPTS Magistrate Judge Pead's Report and Recommendation (ECF No. 94) and GRANTS the government's Motion for Declaration of Validity of Restitution Order and Order to Show Cause (ECF No. 65).

2. The original restitution amount of $1,313,914.77 remains valid and enforceable against Mr. Farr until its expiration on January 23, 2028. There shall be no interest on the restitution judgment.

3. Mr. Farr must respond to the subpoena issued by the United States requesting financial information by July 25, 2024. If Mr. Farr fails to respond to the subpoena by that date,

and upon notice from the United States, the court will schedule a hearing in which Mr. Farr will be ordered to appear before the court to show cause why he should not face civil contempt for failure to comply with the subpoena.

    DATED this 25th day of June, 2024.

                                   BY THE COURT:

                                   */s/ Tena Campbell*

                                   TENA CAMPBELL
                                   United States District Judge